UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY DESEAN ADAMS,

    Plaintiff,

v.

DEPUTY RECTOR, et al.,

    Defendants.

Case No. 18-cv-02689-YGR (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Martinez Detention Facility ("MDF"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff will be granted leave to proceed *in forma pauperis* in a separate written order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at MDF and in Contra Costa County, which are located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below and dismisses certain claims.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can

show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal

2

conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B.   Legal Claims**

In his complaint, Plaintiff has named the following Defendants: Contra Costa County Deputies Rector, Hughes, Frank Oathuh, Martinez, Tindale, Ortega, and Lopez. Dkt. 1 at 2.[1]

Plaintiff alleges that in the June 2016, he contracted two "very serious" infections: H. pylori[2] and a prostate infection. *Id.* at 3. Plaintiff also alleges that "[d]ue to lack of evidence in [his] case, illegal warrants, tampering with evidence by multiple law enforcement agencies including the [Contra Costa County] Sheriff['s] Department and the fact that [he] was over sentenced in this county in 2006," Defendants "tr[ied] to make [him] plead to crimes [he] never committed by threatening him." *Id.* Plaintiff then lists each verbal threat made by Defendants as follows:

1. Deputy Lopez stated: You're dead.
2. Deputy Hughes stated: Take a deal, give us something, [and] you took some bad drugs [or] "Facility Medication."
3. Deputy Rector stated: We need to get paid, "In . . . I'm all in."
4. Deputy Frank Oathuh stated: Set him up, making gun signs with his hands, [and] . . . I just got off the phone with Greco, who happens to by the head investigating detective for the alleged incidents [Plaintiff] is being falsely held on.
5. Deputy Martinez stated: Set him up, also making gun signs.
6. Deputy Ortega stated: You['re] dead, you['re] a rotten egg, we took the boy in, you['re] going to jail a long time while I'm on a sandy beach.

*Id.* Plaintiff also claims that unnamed "deputies" at MDF "spread false rumors to other inmates that [he] was a child molester which is not [the] alleged charges [he is] illegally being held on and also that [he is] a homosexual, endangering [his] safety and putting on [him] a tremendous amount

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] Helicobacter pylori (H. pylori) is a type of bacteria that lives in the digestive tract and can cause ulcers.

3

of emotional stress . . . ." *Id.* at 4. Lastly, Plaintiff claims that unnamed "deputies" at MDF "place[d] [him] around numerous . . . informants [and] told inmates about the false alleged charges [he is] illegally being held on." *Id.*

Plaintiff seeks monetary damages for "emotional suffering," and he requests the "U.S. Attorney pick up [his] case to prove [his] innocence and to bring federal charges against officers and staff of MDF who played a part in these injustices." *Id.* at 3.

The Court now reviews the various claims that Plaintiff seems to be raising in his complaint.

### 1. Any Claims Related to Two Infections

The Court notes that Plaintiff filed a previous action, Case No. C 17-0327 YGR (PR), in which he alleged that in June 2016, he was provided with the "wrong medication" that caused adverse effects. Dkt. 17 in Case No. C 17-0327 YGR (PR) at 3. Plaintiff alleged in that earlier action that he consequently contracted "H. pylori and a prostate infection," which the MDF medical staff refused to treat. *Id.* The Court found that Plaintiff had stated a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against the named Defendants in that action. Dkt. 20 in Case No. C 17-0327 YGR (PR) at 2-3. The Court has served that complaint on those Defendants. *See id.* at 4.

As mentioned above, Plaintiff has made reference to the fact that he contracted the aforementioned infections. Thus, this action may contain claims that are duplicative of those alleged in the earlier-filed complaint that is currently pending in this Court. Therefore, any claim that relates to Plaintiff contracting the two aforementioned infections is DISMISSED as duplicative of the Eighth Amendment claim in Case No. C 17-0327 YGR (PR). *See* 28 U.S.C. § 1915A(b)(1).

### 2. Verbal Harassment

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997). Similarly, allegations of threats also are not cognizable under section 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat

4

was for purpose of denying access to courts compel contrary result).

Here, the conduct alleged by Plaintiff does not rise to the level of an Eighth Amendment violation because he does not allege anything more that verbal harassment and abuse by Defendants. *See id*. Thus, Plaintiff has failed to demonstrate a constitutional violation and further amendment would be futile. Accordingly, Plaintiff's claims of verbal harassment and threats by Defendants are DISMISSED without leave to amend. *See Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend properly denied if amendment would be futile).

### 3. Claims Involving False Charges

It seems that Plaintiff alleges that he is being held in custody at MDF "illegally" on "false" charges. Dkt. 1 at 3, 5.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

5

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

As mentioned above, Plaintiff seems to claim that he was being held for certain "false" charges and that he was being "threatened" to "plead to crimes [he] never committed" "due to lack of evidence" and "illegal warrants" and "tampering with evidence." Dkt. 1 at 3-5. For relief in this action, Plaintiff seeks monetary damages and to "prove [his] innocence" and to bring "federal charges" against the staff at MDF. *Id.* at 3. Plaintiff is currently being held at MDF. However, it is not clear if the criminal prosecution is ongoing or if he has already been convicted.

The complaint is DISMISSED WITH LEAVE TO AMEND to provide more information. If Plaintiff has been convicted and if he seeks monetary damages, he must show why this case should not be dismissed pursuant to *Heck*. If the prosecution is ongoing Plaintiff must discuss why *Younger* abstention is not appropriate to the extent he seeks this Court to intervene.

### 4. Deliberate Indifference to Safety

Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners, including protecting them from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). A section 1983 claim may be stated under the Eighth Amendment against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury to a prisoner by another prisoner that may result from spreading certain rumors about the prisoner. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is an informant may state claim for violation of right to be protected from violence while in state custody).

Here, Plaintiff alleges that unnamed "deputies" at MDF had spread false rumors that he was a "child molester" and a "homosexual." Dkt. 1 at 4. He claims these unnamed deputies were

1  "endangering [his] safety and putting on [him] a tremendous amount of emotional stress. . . ." *Id.*
2  Furthermore, Plaintiff claims that these same unnamed "deputies" had him housed with
3  "informants" and "told inmates about the false alleged charges [he is] illegally being held on." *Id.*
4  Although Plaintiff does not allege that he was harmed by other inmates because of the actions of
5  the unnamed deputies, the clear implication is that prison officials know that certain inmates target
6  and cause harm to inmates who are convicted or accused of child molestation. Moreover, by
7  housing Plaintiff with informants and spreading rumors about his false child molestation charges,
8  it is likely that the rumors relating to Plaintiff could spread among the other inmates at MDF. The
9  Court is unable to say at this time that such allegations fail to state a claim for relief. However, to
10 state a claim under section 1983, a plaintiff must set forth specific facts as to each individual
11 defendant's conduct that proximately caused a violation of his rights. *Leer*, 844 F.2d at 634. Such
12 is not the case here because Plaintiff has failed to allege facts to show what each defendant did that
13 amounted to deliberate indifference to his safety. Therefore, the Court will grant leave to amend
14 so that Plaintiff may file an amended Eighth Amendment claim in which he describes specifically
15 what each defendant did or failed to do that amounted to deliberate indifference to his safety. In
16 his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for
17 *each* defendant. He should not refer to them as a group (e.g., unnamed "deputies"); rather, he
18 should identify each involved defendant by name and link each of them to his claim by explaining
19 what each defendant did that amounted to deliberate indifference to his safety. *Id.*

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Any claim that relates to Plaintiff contracting "H. pylori and a prostate infection" is DISMISSED as duplicative of the Eighth Amendment claim in Case No. C 17-0327 YGR (PR).

2. Plaintiff's claims of verbal harassment and threats by Defendants are DISMISSED without leave to amend.

3. The remaining claims in the complaint are DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 18-2689

7

YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

4. Plaintiff is advised that the First Amended Complaint will supersede the original complaint and all other pleadings. Claims and Defendants not included in the Amended Complaint will not be considered by the Court. *See Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be re-pled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not re-pled.").

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

6. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: August 10, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge